AMERICAN MONUMENT FOUN-
DATION LLC, Plaintiff–coun-
ter–defendant—Appellant,

v.

Lawrence CREEGER, Third–party–
defendant—Appellee,

Global Eventmakers, Inc., Defendant–
third–party–defendant—Appellee.

No. 07–16980.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2009.

Filed May 12, 2009.

Sean K. Claggett, Esquire, Sean Clag-
gett & Assoc, Las Vegas, NV, for Plain-
tiff–Counter–Defendant–Appellant.

Shawn Anthony Mangano, Esquire,
Shawn A. Mangano, Ltd., Las Vegas, NV,
for Third–Party–Defendant–Appellee/De-
fendant–Third–Party–Defendant–Appellee.

Before: NOONAN, CALLAHAN and
BEA, Circuit Judges.

MEMORANDUM *

This dispute arises from the district
court's decision enforcing the rights of

---

\* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

Global Eventmaker ("Global") to two large sculptures ("the monuments") against the American Monument Foundation ("AMF"). AMF purchased the monuments from Jeffory Fairbrother ("Fairbrother") in February of 2002, but failed to fulfill its obligations under the contracts. Fairbrother subsequently assigned his rights to the monuments to Global, which initiated the present action against AMF.

■ AMF argues that it was fraudulently induced into the AMF–Fairbrother purchase agreements through Fairbrother's representations regarding potential buyers. We hold that the district court properly upheld the contract, notwithstanding AMF's objection. The AMF–Fairbrother purchase agreements include the following language: "[n]o representations or warranties ... have been made by any party to the other party to induce the making of this agreement except as specifically set out in this agreement." The agreements, which were drafted by AMF, do not include any reference to potential buyers. Further, the district court found that AMF's internal documents reaffirmed the company's contractual obligations to Fairbrother as late as May of 2006. This finding is supported by the record. The district court therefore properly upheld the AMF–Fairbrother purchase agreements.

■ AMF challenges the validity of the Fairbrother–Global assignment on fraudulent transfer grounds. Nevada's fraudulent transfer provision provides a cause of action to a "creditor" against a debtor who transfers property in violation of NRS 112.180. *See* NRS 112.210. A creditor is defined as "a person who has a claim," which is in turn defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, se-

cured or unsecured." NRS 112.150(3)–(4). The district court determined that AMF does not have "a right to payment" against Fairbrother or Global on the facts of this case. We now affirm that finding. Because AMF is not a creditor of either party to the assignment, it cannot avail itself of Nevada's fraudulent transfer provision.

AFFIRMED.

Finally, the trial court did not make an unreasonable determination of the facts.  The trial judge carefully questioned each of the jurors and concluded that Juror # 9 improperly had relied on her own experience as an emergency room nurse during deliberations, that she improperly speculated about uncalled defense witnesses, that she improperly interpreted the government's burden of proof, and that she wanted to be removed from the jury because she no longer wished to explain her views to the other jurors.  Those findings

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.